**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

vs.                                            Case No. 4:20-MC-00004-MW-MAF

**BRENDA SMITH,**
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, the Securities and Exchange Commission, filed a Notice of Filing of Complaint and provided copies of related filings previously submitted to United States District Court for the District of New Jersey. ECF No. 1. For the reasons stated below, the case should be dismissed without prejudice for Plaintiff's failure to prosecute this case and failure to comply with court orders. The procedural history of this case warrants discussion.

**I.   Relevant Procedural History**

Plaintiff initiated this case on July 6, 2020, though no specific relief was requested from this Court. ECF No. 1. Accordingly, the Court issued an order

advising Plaintiff that no further action would be taken absent the filing of a motion requesting relief and ordered a status update demonstrating the need to continue this case. ECF No. 3. Plaintiff had until **January 11, 2021**, to comply with the Court's order. Id. To date, no motion or status update has been filed. Thus, the Court issued a subsequent order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 5. Plaintiff had until **March 10, 2021**, to comply with the Court's order. Id.

As of the date of the drafting of this Report, Plaintiff has failed to prosecute the case and failed to respond to the Court's order. Dismissal is appropriate.

**II.   Discussion**

A. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff has failed to prosecute this case; therefore, the case cannot proceed. Finally, the Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. ECF No. 5. The Court has provided Plaintiff liberal opportunity to prosecute this case – a period of eight (8) months. Accordingly, the Court should dismiss the case.

## III. Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on March 11, 2021.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).